426 S.E.2d 536

**Todd STALNAKER, Plaintiff Below, Appellee,**

v.

**ONLY ONE DOLLAR, INC., a Corporation, Defendant Below, Appellant.**

**No. 21013.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 1992.

Decided Dec. 17, 1992.

Stephen R. Brooks, Susan Yurko, Furbee, Amos, Webb & Critchfield, Fairmont, for appellant.

Brent E. Beveridge, Fairmont, for appellee.

## PER CURIAM:

This action is before this Court upon an appeal from the October 24, 1991, order of the Circuit Court of Marion County, West Virginia. The appellee, Todd Stalnaker, obtained a $50,000 jury verdict against the appellant, Only One Dollar, Inc. This Court has before it the petition for appeal, all matters of record and the briefs of counsel. For the reasons stated below, the judgment of the Circuit Court is reversed.

### I.

In 1989, the appellee, Todd Stalnaker, graduated from high school and enrolled at Fairmont State College. During the Christmas season that year, he was hired by the appellant, Only One Dollar, Inc., at its Middletown Mall location in Marion County. The appellant, headquartered in Virginia, operates approximately 170 stores throughout the country. Stalnaker's employment ended after the Christmas season.

Stalnaker was later hired in February 1990 by the appellant. The store manager found Stalnaker to be a "very good worker," and Stalnaker continued to attend college classes.

Subsequently, Rebecca Stutler became the manager of the store. Although the testimony at trial does not demonstrate any significant personality conflict between Stalnaker and Stutler, employment problems concerning Stalnaker arose. In July 1990, Rebecca Stutler indicated upon a written evaluation form that Stalnaker's job performance was largely below average, and Wesley Gall, a district supervisor of the appellant store, placed Stalnaker on thirty days probation. The probation decision was based upon assertions that Stalnaker (1) had to be told to do things he should have known to do, such as running the sweeper, (2) talked to customers in a "monotone" voice and (3) "fidgeted" behind the counter.

In August 1990, the appellant discharged Stalnaker from employment. The testimony of both parties indicates that Stalnaker placed two bags of store-owned cough drops on a shelf in the stockroom and consumed one cough drop from one of the bags. At trial, Stalnaker contended that the store condoned the practice of employees placing items of merchandise in the stockroom for later purchase. Nevertheless, Stalnaker contends that he was confronted by manager Rebecca Stutler, accused of stealing and fired from his employment.

In her testimony, Rebecca Stutler stated that she discharged Stalnaker, but denied that she accused him of stealing. She indicated that it was against store policy for employees to consume food items prior to paying for them. Various documents of the appellant concerning reasons for the discharge of Stalnaker are not consistent. "Mishandling of company funds" appears upon copies of some documents, but not on official company records.

One month following the discharge of his employment, Stalnaker began working at the Ramada Inn in Morgantown, West Virginia. He asserts, however, that the discharge damaged his reputation and lessened his chances for future employment.

### II.

A three count complaint was filed by Stalnaker in the Circuit Court of Marion County. The primary count, Count I, alleges that the appellant, Only One Dollar, Inc., "falsely, willfully and maliciously libelled and slandered plaintiff by its false accusa-

tion of misappropriating a box of cough drops from its Middletown Mall store." The complaint, in Count I, further alleges that the appellant disseminated or will disseminate "the false accusation of misappropriation of the cough drops to future employers." The remaining counts of the complaint allege that Stalnaker was discharged from his employment with the appellant in an abusive manner and in a manner calculated to cause Stalnaker emotional distress.

The appellant filed a motion for summary judgment. Stalnaker did not oppose the motion "except as to the claim of defamation." On September 5, 1991, the Circuit Court granted summary judgment upon "all issues raised in the complaint except for the issue of defamation ..." and the parties proceeded to trial upon that issue only.

Trial began on September 5, 1991, and the following day the jury returned a verdict for Stalnaker in the amount of $50,480, which included $480 in lost wages, $25,000 in general damages for defamation and $25,000 in punitive damages. A judgment order was entered upon the jury's verdict. However, upon the Circuit Court's consideration of the appellant's post-trial motions, an order was entered on October 24, 1991, deducting the $480 in lost wages from the verdict and otherwise entering judgment for Stalnaker.

It is from the order of October 24, 1991, that the appellant, Only One Dollar, Inc., appeals to this Court.

### III.

At the outset, it should be restated that only the defamation issue is before this Court. As set forth in the order of September 5, 1991, Stalnaker did not oppose the appellant's motion for summary judgment, "except as to the claim of defamation."

■ Following the trial, the appellant filed a "Motion for Judgment Notwithstanding the Verdict, or, in the Alternative, for a New Trial." *See*, W.Va.R.Civ.P. 50(b) and 59. In syllabus point 6 of *Huffman v.*

*Appalachian Power Company*, 187 W.Va. 1, 415 S.E.2d 145 (1991), we recognized:

In considering whether a motion for judgment notwithstanding the verdict under Rule 50(b) of the West Virginia Rules of Civil Procedure should be granted, the evidence should be considered in the light most favorable to the plaintiff, but, if it fails to establish a *prima facie* right to recover, the court should grant the motion.

■ In view of the record before this Court, syllabus point 1 of *Crump v. Beckley Newspapers*, 173 W.Va. 699, 320 S.E.2d 70 (1983), is dispositive. As this Court stated:

The essential elements for a successful defamation action by a private individual are (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury.

Those elements have been cited by this Court in subsequent cases: *Rand v. Miller*, 185 W.Va. 705, 708–09, 408 S.E.2d 655, 658–59 (1991); syl. pt. 3, *Bryan v. Massachusetts Mutual Life Insurance Company*, 178 W.Va. 773, 364 S.E.2d 786 (1987); *Crain v. Lightner*, 178 W.Va. 765, 772, 364 S.E.2d 778, 785 (1987).

■ In spite of the assertion that Stalnaker's discharge became public knowledge, especially at the Middletown Mall, there is nothing in the trial testimony to suggest that either Rebecca Stutler or Wesley Gall, the appellant's employees, told anyone about the discharge.

When asked directly, the witnesses at trial indicated that Rebecca Stutler never stated that Stalnaker was discharged, but, rather, that he quit his employment. Specifically, Stalnaker testified that he had no knowledge that Rebecca Stutler told anyone about the discharge. Nor were the appellant's documents concerning the discharge made known beyond the appellant's internal management. As the appellant's brief states:

Rebecca Stutler did not tell anyone other than persons to whom she was

required to report within the company that Mr. Stalnaker's employment was terminated. Ms. Stutler even told some inter-company persons who asked that Mr. Stalnaker quit his job. No evidence was produced at trial by the plaintiff to the contrary. Indeed, there is no evidence that anyone from Only One Dollar disclosed his employment termination outside of the appropriate channel within the company. (Record citations omitted)

On the other hand, the record is clear that Stalnaker told others that he had been discharged by the appellant. Shortly after the discharge, he told, in addition to his parents and brother, (1) Tammy Barcus, an employee of the appellant working in Morgantown, West Virginia, (2) Cindy Poling, a former employee of the appellant, (3) Alicia Vincent, his fiancee, and (4) Craig Richards, an employee of the appellant. Moreover, the record indicates that some of the above individuals told others about the discharge. The record indicates that Stalnaker himself mentioned the allegation of stealing in some instances.

With regard to the appellant's documents, the confusion concerning the "mishandling of company funds" phrase was brought about by manager Rebecca Stutler's failure to delete that reference from various copies of company records.[1] The official records of the appellant, however, contain no reference to "mishandling of company funds" with respect to the appellant. *Cf. Mutafis v. Erie Insurance Exchange*, 174 W.Va. 660, 328 S.E.2d 675 (1985).

Upon all of the above, this Court is of the opinion that no evidence was presented, beyond speculation, upon which the jury could have concluded that the appellant distributed an allegation of stealing to any other person. Stalnaker did not establish the elements set forth in syllabus point 1 of *Crump, supra.*

All other issues raised in this appeal are without merit. The judgment of the Circuit Court of Marion County is reversed, and this action is remanded to that Court for the entry of a judgment in favor of the appellant, Only One Dollar, Inc.

Reversed and remanded.

---

1. Ms. Stutler stated that, at the time of Stalnaker's discharge, she checked a box on a form indicating "mishandling of company funds" because she did not know how to characterize the discharge. Apparently, none of the other boxes precisely fit Ms. Stutler's perception of the nature of the discharge. She later deleted that indication from the official records.